Minnie **WILLIAMS**, as next friend for Freaonia **Williams, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

No. 80–0717–C(C).

United States District Court, E. D. Missouri, E. D.

July 2, 1981.

Richard Chase, St. Louis, Mo., for plaintiff.

Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., Patricia A. Scott, Trial Atty. Tax Div., Washington, D. C., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment. For the reasons stated below, plaintiff's motion will be granted.

In this action, plaintiff Minnie Williams seeks to gain access to the federal income tax returns of Frank James, the alleged father of plaintiff's daughter Freaonia Williams. Mr. James is now deceased. Plaintiff hopes to use the returns, as written acknowledgements of paternity, to enable Freaonia to receive Social Security survivor's benefits under 42 U.S.C. § 402(d)(1). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1340.

Plaintiff brought this lawsuit after the Internal Revenue Service ("IRS") refused to honor an Administrative Law Judge's order to release the returns. The IRS contended that Section 6103 of the Internal Revenue Code of 1954 prohibited disclosure. Specifically, the IRS stated that Section 6103(e)(3), the provision for disclosure of returns of a decedent, did not, as it incorporated Missouri state law, provide for disclosure to a decedent's alleged illegitimate child.

■ The facts in this case are not in dispute. The only question before the Court is whether plaintiff, on behalf of her daughter, is entitled to gain access to the tax returns of Frank James under the applicable law. Section 6103(e)(3) of the Internal Revenue Code provides for disclosure of a decedent's returns to:

"(A) the administrator, executor, or trustee of his estate, and

(B) any heir at law, next of kin, or beneficiary under the will, of such decedent, or a donee of property, but only if the Secretary finds that such heir at law, next of kin, beneficiary, or donee has a material interest which will be affected by information contained therein."

26 U.S.C. § 6103(e)(3).

In determining who is an heir at law or next of kin of the decedent, applicable state law must be consulted. At the time of Mr. James' death, the relevant Missouri statute provided:

"Illegitimate children are capable of inheriting and transmitting inheritance on the part of their mother, and a mother may inherit from her illegitimate children, in like manner as if they had been lawfully begotten her."

§ 474.060 R.S.Mo. (1955).

Based on this statute, the IRS refused to disclose decedent's tax returns because the statute did not permit an illegitimate child to inherit from its natural father.

Section 474.060, R.S.Mo., was amended effective January 1, 1981. Under the revised statute, illegitimate children can inherit from their natural fathers if:

"(2) The paternity is established by an adjudication before the death of the father, or is established thereafter by clear and convincing proof . . . ."

§ 474.060 R.S.Mo. (1980).

The original version of the Missouri inheritancy statute for illegitimate children was in substance identical to the Illinois inheritancy statute for illegitimates. The Illinois statute was held to be unconstitutional by the United States Supreme Court in 1977. *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). The Court held that the Illinois Act which allowed illegitimate children to inherit by intestate succession only from their mothers violated the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 766–76, 97 S.Ct. at 1463–1468.

The present Missouri inheritancy statute conforms to the reasoning of *Trimble v. Gordon* and substantially changes inheritancy rights of illegitimates in Missouri. Because the federal statute in the present case (26 U.S.C. § 6103(e)(3)) incorporates the applicable state law, this Court must look at how the courts of the State of Missouri would apply the law. It is apparent that the State of Missouri can no longer apply the original version of Section 474.060 by reason of the Equal Protection Clause. Hence, Missouri courts would permit illegitimate children to inherit from both natural parents as set forth in the amended inheritancy statute, § 474.060 R.S.Mo. (1980). *See Allen v. Califano*, 456 F.Supp. 168, 173–74 (D.Md.1978).

Under the revised inheritancy statute, Freaonia Williams would be an heir at law of Frank James if paternity is established by clear and convincing proof. § 474.060.-2(2) R.S.Mo. (1980). There is no question that the numerous affidavits submitted on behalf of plaintiff amount to such proof. Accordingly, this Court finds that Freaonia Williams is an heir at law of Frank James under Missouri law as that term is used in Section 6103 of the Internal Revenue Code. Defendant will be ordered to make the federal income tax returns of Frank James available to plaintiff in accordance with customary IRS procedures in circumstances where disclosure is appropriate under 26 U.S.C. § 6103.